**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **OTHNIEL MCKINNEY, SR.,** | ) | |
| **#24693-077** | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | 3:06-CV-0269-N |
| | ) | ECF |
| **D. JOSLIN, Warden, FCI Seagoville,** | ) | |
|     Respondent. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a petition for a writ of habeas corpus brought by a federal prisoner pursuant to 28 U.S.C. § 2241.

Parties: Petitioner is currently confined at the Federal Correction Institution (FCI) in Seagoville, Texas. Respondent is the Warden at FCI Seagoville. The Court did not issue process in this case, pending preliminary screening.

Statement of Fact: Following his plea of not guilty, a jury convicted Petitioner of conspiracy to commit a narcotics offense in violation of the laws of the United States, and acquitted him of the remaining counts -- i.e., operating a continuing criminal enterprise, and possession with intent to distribute controlled substances. United States v. McKinney, 2:93cr0029(16) (N.D. Tex., Amarillo Div.). On January 3, 1994, the trial court assessed

punishment at a term of life imprisonment, and a five-year term of supervised release. The Fifth Circuit affirmed Petitioner's conviction on direct appeal. United States v. McKinney, 53 F.3d 664 (5th Cir. 1995), cert. denied, 516 U.S. 901 (1995).

Prior to filing this action, Petitioner filed a motion to reduce sentence on May 7, 1996, and a motion to vacate, set aside, or correct sentence on September 6, 1996. On October 28, 1996, the trial court granted the first motion and reduced Petitioner's sentence to a term of imprisonment of 360 months. Thereafter, on July 16, 1998, the District Court denied the § 2255 motion. The Fifth Circuit denied Petitioner's request for a certificate of appealability.

In the present habeas petition, filed on February 10, 2006, Petitioner seeks to challenge the indictment in his criminal case. He alleges the indictment fails to charge a crime cognizable by any court or under any statute of the United States. (Memorandum attached to Petition (Pet.) at 4 and 5). Relying on Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), he argues the indictment "fails to plead all the elements of a crime." (Id. at 5-6). Petitioner further alleges that he is actually innocent of the crime charged in the indictment. (Pet. at 2 and attached memorandum at 4).

Findings and Conclusions: Although Petitioner denominates his current petition as one for relief under 28 U.S.C. § 2241, the petition clearly seeks to attack the legality of the sentence that he is currently serving. A collateral attack on a federal criminal conviction and sentence is generally limited to a motion to vacate, set aside or correct a sentence under 28 U.S.C. § 2255. Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir. 2001); Tolliver v. Dobre, 211 F.3d 876, 877 (5th Cir. 2000); Cox v. Warden, Fed. Detention Center, 911 F.2d 1111, 1113 (5th Cir. 1990). While a habeas petition under § 2241 is typically used to challenge the execution of a prisoner's

2

sentence, a federal prisoner may bring a § 2241 petition to challenge the legality of his conviction or sentence if he can satisfy the mandates of the "savings clause" of § 2255. Padilla v. United States, 416 F.3d 424, 425-26 (5th Cir. 2005); Reyes-Requena v. United States, 243 F.3d 893, 900-01 (5th Cir. 2001); see also Christopher v. Miles, 342 F.3d 378, 381 (5th Cir.), cert. denied, 540 U.S. 1085 (2003).[1]

Since Petitioner is incarcerated in the Northern District, this Court has jurisdiction to determine whether his claims are properly brought under § 2241 via the savings clause of § 2255. Padilla, 416 F.3d at 426 (determining that only the custodial court had jurisdiction to determine whether petitioner could properly raise a claim under savings clause of § 2255); Hooker v. Sivley, 187 F.3d 680, 682 (5th Cir. 1999).

The petitioner "bears the burden of affirmatively showing that the § 2255 remedy is inadequate or ineffective." Padilla, 416 F.3d at 426. The savings clause of § 2255 applies to a claim of actual innocence "(i) that is based on a retroactively applicable Supreme Court decision which establishes that petitioner may have been convicted of a non-existent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." Id. (quoting Reyes-Requena, 243 F.3d at 904).

Petitioner has not provided any valid reason why the § 2255's remedy is either inadequate

---

[1] The savings clause of § 2255 states as follows:
An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that *the remedy by motion is inadequate or ineffective to test the legality of his detention*.

28 U.S.C. § 2255 ¶ 5 (emphasis added).

3

or ineffective. Insofar as he alleges that he is forbidden from filing more than one § 2255 motion, his contention is meritless. The Fifth Circuit has long held that "[a] prior unsuccessful § 2255 motion, or the inability to meet the AEDPA's second or successive requirement, does not make § 2255 inadequate or ineffective." Jeffers, 253 F.3d at 830; see also Toliver, 211 F.3d at 878.

The Court further notes that Petitioner's claim is not based on a retroactively applicable Supreme Court decision which establishes that Petitioner may have been convicted of a non-existent offense. While Petitioner relies in passing on Apprendi v. New Jersey, it is now well established that Apprendi is not retroactively applicable to collateral review cases. Wesson v. U.S. Penitentiary Beaumont, 305 F.3d 343, 347 (5th Cir. 2002). Accordingly, Petitioner is not entitled to relief under the savings clause of § 2241 and his petition should be denied.

Liberally construing the § 2241 petition as seeking relief under § 2255, the same is also subject to dismissal at the screening stage. Section 2255 limits the circumstances under which a federal prisoner may file a second or successive motion for post-conviction relief. It provides that a panel of the appropriate court of appeals must certify that a second or successive § 2255 motion contains one of the following two grounds:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255.

The Fifth Circuit has not issued an order authorizing the district court to consider Petitioner's successive § 2255 motion. Moreover, as noted previously, the Supreme Court has

not yet extended <u>Apprendi</u> to cases on collateral review.

Unless the Fifth Circuit Court of Appeals first grants Petitioner leave to file a new § 2255 motion, this court lacks jurisdiction to consider the same. <u>See</u> <u>Hooker v. Sivley</u>, 187 F.3d 680, 682 (5th Cir. 1999); <u>United States v. Key</u>, 205 F.3d 773, 774 (5th Cir. 2000). Therefore, the present § 2241 petition, construed as a § 2255 motion, should be dismissed for want of jurisdiction. Such a dismissal, however, is without prejudice to Petitioner's right to file a motion for leave to file a second or successive § 2255 motion in the United States Court of Appeals for the Fifth Circuit pursuant to § 2244(b)(3)(A). <u>See</u> <u>In re Epps</u>, 127 F.3d 364, 364 (5th Cir. 1997). (setting out the requirements for filing a motion for authorization to file a successive habeas petition in the Fifth Circuit Court of Appeals).

<u>RECOMMENDATION</u>:

Because Petitioner has not made the showing required to invoke the savings clause of 28 U.S.C. § 2255 as to the claims presented in his habeas corpus petition, it is recommended that the petition under 28 U.S.C. § 2241 be dismissed for want of jurisdiction.

It is further recommended that the § 2241 petition, construed as a motion under 28 U.S.C. § 2255, be dismissed for want of jurisdiction, but without prejudice to Petitioner's right to file a motion for leave to file a second or successive § 2255 motion in the United States Court of

Appeals for the Fifth Circuit pursuant to 28 U.S.C. §§ 2244(b)(3)(A) and 2255.

A copy of this recommendation will be mailed to Petitioner.

Signed this 13th day of April, 2006.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation.  Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.